IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DARLYS MERCEDES SALAZAR, <br> A# 202-152-057, <br><br>   *Petitioner*, <br><br> V. <br><br> DAVID VENTURELLA, Acting Director <br> of US ICE; *et al.*, <br><br>   *Respondents*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL CASE NO. SA-26-CV-04004-FB |

## ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner Darlys Mercedes Salazar's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (ECF No. 1), the Federal Respondents' ("Respondents") response (ECF No. 3), and Petitioner's reply (ECF No. 6). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

## BACKGROUND

Petitioner is currently detained in the Dilley Immigration Processing Center in Dilley, Texas, located in the Western District of Texas. Petitioner entered the United States in December of 2014, and upon entry Immigration and Customs Enforcement ("ICE") detained and released Petitioner. In August of 2025, Petitioner was arrested by local law enforcement and charged with possession of marijuana. That charge remains pending. It is not clear when Petitioner was released from state custody, but ICE detained Petitioner again on December 16, 2025. Petitioner argues that Petitioner's detention is unlawful and asks the Court to order Petitioner's release. Respondents do not submit the marijuana charge is a basis for Petitioner's continued detention and there has been no bond hearing.

**DISCUSSION**

In preparing their response to the Petition, Respondents were ordered to consider a list of prior court orders issued in the Western District of Texas addressing whether Petitioner's detention violates due process and note any material factual differences. Respondents filed a response, but chose not to address whether the factual and legal issues presented in this case differ in any material fashion from those presented in the identified decisions. The Court therefore considers whether prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service. *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

**CONCLUSION**

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated

Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED** such that:

1.	Respondents are **DIRECTED** to **RELEASE** Petitioner Darlys Mercedes Salazar, A# 202-152-057, from custody, under reasonable conditions of supervision, to a public place no later than **July 23, 2026**.

2.	Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.	Respondents shall **FILE** a status report no later than **July 24, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 20th day of July, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE